**TORO MANUFACTURING CORPORATION, Appellant,**

v.

**The GLEASON WORKS, Appellee.**

Patent Appeal No. 8918.

United States Court of Customs and Patent Appeals.

March 29, 1973.

Thomas A. Lennon, Minneapolis, Minn., attorney of record, for appellant.

1. Reg.No.529,845 issued August 29, 1950.

2. Reg.Nos.755,846 and 755,847, both issued September 3, 1963.

William K. West, Jr., William T. Bullinger (Cushman, Darby & Cushman), Washington, D. C., for appellee; Morton A. Polster, Rochester, N. Y., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and ALMOND, Senior Judge.

ALMOND, Senior Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board dismissing the opposition of the Toro Manufacturing Corporation to an application of The Gleason Works to register "TOROID" for gears, gear cutters and blades or blade segments for such cutters, asserting first use as July 15, 1966. 167 USPQ 315 (1970).

The record reveals that Toro Manufacturing Corporation, appellant-opposer, is the owner of a plurality of registrations of "TORO" for grass cutting machinery, such as engines for power lawn mowers, self-propelled power plants for pulling lawn mowers, hand mowers, and self-contained power mowers,[1] automotive vehicles, namely, turf tractors, golf cars, utility cars, and motorized golf carts [2] and snow plows.[3]

Inasmuch as appellant's pleaded registrations antedate appellee's date of first use, the sole issue for determination is whether or not appellee's mark so resembles that of appellant as to be likely, when applied to its goods, to cause confusion or mistake or to deceive within the purview of 15 U.S.C. § 1052(d).

The Trademark Trial and Appeal Board, one member dissenting, held that:

> * * * "TORO" and "TOROID", both of which are words of the English language, do not look or sound very much alike, and the several meanings thereof are not the same. While it is true, as stressed by opposer, that applicant's mark includes the word "toro", it is in no way emphasized

3. Reg.No.808,442 issued May 17, 1966.

therein, and, under the circumstances of this case, it is our opinion that this factor is not calculated to cause confusion or mistake or to deceive were these marks to be used for the specified goods. [Citations omitted.]

We affirm. In so doing, it is pertinent to point out that the goods of the parties are distinctly different and noncompetitive. TOROID is for gears, gear cutters and blades used in consonance therewith, while TORO covers grass cutting machinery, automotive vehicles and snow plows. The respective goods, therefore, are entirely dissimilar and commercially unrelated. There is no indication of record that the TORO mark is used on gears and, although appellant contends otherwise, we are not persuaded that there is likelihood of confusion merely because appellant's lawn mowers and other goods sold under the TORO mark contain gears.

The decision of the board is affirmed.

Affirmed.